UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDGAR UMANSOR, | Case No. 2:21-cv-01805-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| MAINTENANCE DEPARTMENT, *et al.*, | |
| Defendants. | |

Plaintiff Edgar Umansor brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison.  (ECF No. 1-1.) On October 5, 2021, this Court ordered Edgar Umansor to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before December 3, 2021. (ECF No. 3.) On December 20, 2021, following receipt of a letter from Edgar Umansor (ECF No. 4), this Court extended Edgar Umansor's deadline to January 19, 2022 to either file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee.  The Court warned Edgar Umansor that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by the January 19, 2022 deadline.  (*Id.* at 2.)  That deadline expired and Edgar Umansor did not file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond.

I.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

1    (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

2    order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

3    1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to

4    keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

5    Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

6    dismiss an action on one of these grounds, the Court must consider: (1) the public's

7    interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

8    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

9    cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

10   *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting

11   *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

12          The first two factors, the public's interest in expeditiously resolving this litigation

13   and the Court's interest in managing its docket, weigh in favor of dismissal of Edgar

14   Umansor's claims. The third factor, risk of prejudice to defendants, also weighs in favor

15   of dismissal because a presumption of injury arises from the occurrence of unreasonable

16   delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v.*

17   *Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring

18   disposition of cases on their merits—is greatly outweighed by the factors favoring

19   dismissal.

20          The fifth factor requires the Court to consider whether less drastic alternatives can

21   be used to correct the party's failure that brought about the Court's need to consider

22   dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

23   that considering less drastic alternatives *before* the party has disobeyed a court order

24   does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

25   Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

26   "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's

27   order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

28   with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

1    Courts "need not exhaust every sanction short of dismissal before finally dismissing a

2    case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

3    F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

4    unless Edgar Umansor either files a fully complete application to proceed *in forma*

5    *pauperis* or pays the $402 filing fee for a civil action, the only alternative is to enter a third

6    order setting another deadline. But the reality of repeating an ignored order is that it often

7    only delays the inevitable and squanders the Court's finite resources. The circumstances

8    here do not indicate that this case will be an exception:  there is no hint that Edgar

9    Umansor needs additional time or evidence that he did not receive the Court's order.

10   Setting another deadline is not a meaningful alternative given these circumstances. So

11   the fifth factor favors dismissal.

12   **II.    CONCLUSION**

13            Having thoroughly considered these dismissal factors, the Court finds that they

14   weigh in favor of dismissal.

15            IT IS THEREFORE ORDERED that this action is dismissed without prejudice

16   based on Edgar Umansor's failure to file a fully complete application to proceed *in forma*

17   *pauperis* or pay the full $402 filing fee in compliance with this Court's December 20, 2021,

18   order. The Clerk of Court is directed to enter judgment accordingly and close this case.

19   No other documents may be filed in this now-closed case. If Edgar Umansor wishes to

20   pursue his claims, he must file a complaint in a new case.

21            DATED:  May 13, 2022.

22

23   _____

24   RICHARD F. BOULWARE, II
     UNITED STATES DISTRICT JUDGE

25

26

27

28

3